## John McCarty *v.* J. W. Zacharie.

Where neither the plaintiff nor defendant sought to avail himself of the report of experts·in the manner provided by Article 456 of the C. P., the plaintiff had the right to disregard altogether the report and prove up his claim.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Durant & Hornor*, for plaintiff. *Garrett Duncan*, for defendant and appellant.

VOORHIES, J. This is a suit to recover a balance alleged to be due on an account for work and labor done and materials furnished by the plaintiff for the repair of the defendant's building, known as the Verandah Hotel.

After issue joined, *Daniel Blair* was appointed, by consent, sole expert to measure the work, make an estimate of the same, and to report upon the whole bill of the plaintiff.

A report was filed by the expert on the 28th of March, 1854, awarding the sum of $1185 07 in favor of the plaintiff. On the 2d of May following, the defendant opposed two items therein allowed to the plaintiff, one for the sum of $160, as an overcharge on sixteen water-closets, and the other for the sum of $47 18, as commission charged for purchasing, etc. Alleging that the report was correct in all other respects, the defendant prayed that the same, after making the correction of said errors, might be confirmed and made the basis of the judgment of the court.

It does not appear from the evidence that any other steps were afterwards taken either by the plaintiff or the defendant in relation to the report. At this stage of the proceedings the cause was fixed for trial on the 10th of November following, without any objection on the part of the defendant.

On the trial, the plaintiff introduced evidence to prove his demand, which was excepted to by the defendant, "on the ground that the same was incompetent, irregular and irrelevant under the pleadings, report and exceptions."

We do not think the Judge *a quo* erred in overruling the objection. After a report of experts, auditors or arbitrators, is filed, the party wishing to avail himself of the same, may, on motion, call upon the adverse party to show cause, within ten days after the notice of such motion shall have been served on him, why such report or award should not be homologated. C. P., 456. In the present case there is nothing to show that the plaintiff ever took any steps, or ever intended, to avail himself of the report of the expert; on the contrary, we are led to infer, from all the circumstances disclosed by the record, that he never entertained any such intention. Had the defendant wished to avail himself of the report, when the cause was called, on the 1st of September, to be fixed for trial, he should then, or, at all events, previous to the day fixed for the trial, have done so, by calling on his adversary in the manner prescribed by law. 3 L., 73; 6 R., 494; 2 An., 892. Under these circumstances, the plaintiff, it appears to us, had clearly the right to disregard altogether the report of the expert, and to prove up his claim.

On the merits, we consider the items charged in the plaintiff's account for work and labor done, amounting to $962 45, and those for materials furnished, including the water closets, etc., amounting to $3485 30, to be sufficiently

proved by the evidence. After deducting therefrom the sum of $1765 51, the total amount of credits to which the defendant is entitled, there remains a balance of $1682 24, for which we think there should have been judgment in favor of the plaintiff, instead of the sum of $1463 31, as allowed him by the Judge *a quo*. Hence, we are of the opinion that the judgment should be amended in favor of the plaintiff and appellee, as prayed for in his answer to the appeal.

It is, therefore, ordered and decreed, that the judgment of the court below be amended in favor of the plaintiff, by allowing him the sum of sixteen hundred and eighty-two dollars and twenty-four cents, instead of fourteen hundred and sixty-three dollars and thirty-one cents, and so amended, that said judgment be affirmed, with costs.