## W. S. THOMPSON, Agent, *v.* CHAUNCEY PARRENT et al.

When the homologation of the report of experts is opposed, the trial of the opposition involves the hearing of evidence on such questions of fact as are distinctly put at issue by the opposition.

There was error in the Judge's refusal to hear evidence, on the ground that it rested merely in his discretion, and that he was satisfied of the correctness of the report from its face.

After the report of experts is homologated, the matters decided by it are not open to investigation in the same court.

As between the parties to a building contract, the privilege of the builder may exist without registry.

APPEAL from the First District Court of New Orleans, *Robertson*, J. *T. W. Collins* and *Larue & Whitaker*, for plaintiff. *Waul, Day* and *Hunt*, for defendant.

SPOFFORD, J. The homologation of the report of the expert, *Stuart*, was formally opposed by the plaintiff. Upon the trial of the rule he offered witnesses to prove the facts stated in his opposition. The testimony was rejected by the court, on the ground that it rested merely in the discretion of the Judge of the first instance to hear evidence upon an opposition to the homologation of the report of experts or not, and that the Judge in this case was satisfied of the correctness of the report from its face.

In this we think the Judge erred. His discretion is not an arbitrary one, but he is to try the opposition summarily on its merits. The trial involves the hearing of evidence on such questions of fact as are distinctly put at issue by the opposition. C. P. 457. The cause must be reversed for this reason.

After the report is homologated, the matters decided by it are not open to investigation in the same court. We are not called upon, therefore, to notice several of the bills of exception taken after the judgment of homologation.

The bill of exceptions to the refusal of the Judge to examine two of the witnesses apart from each other, does not disclose such a state of facts as would authorize us to disturb the ruling on that point.

The Judge erred in attempting to ascertain the value of a Texas land warrant from any source outside of the testimony in the cause.

As between the parties to the building contract, the privilege of the builder

THOMPSON
*v.*
PARRENT.

may exist without registry.   The registry is required for the protection of third persons only.

Without the evidence on the opposition of plaintiff to the homologation of the report of the experts, it is impossible to pronounce finally upon the merits of the case.

It is, therefore, ordered, that the judgment of the district court be avoided and reversed, and the cause remanded for a new trial, with instructions to the District Judge to receive evidence to establish the allegations of the opposition filed by the plaintiff to the homologation of the report of the expert *Stewart ;* the costs of this appeal to be borne by the defendants and appellees.