## W. G. BETTERTON *v.* JOHN J. ADAMS.

The homologation of the umpire's report, contradictorily with the parties in interest, is final as to the special matter embraced in it ; and they cannot be mooted again before the same court when the cause comes on to be heard on its merits.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Mott & Fraser,* for plaintiff. *Durant & Hornor,* for defendant.

SPOFFORD, J. The only point presented for our consideration by the appellant, is as to the correctness of the ruling of the lower court as shown by a bill of exceptions. It appears that on the trial upon the merits " the defendant offered to put upon the stand as a witness *J. H. McCormack,* and to place before him the commercial books of the plaintiff and defendant, for the purpose of contradicting by the said witness and the entries in said books, the report of the umpire hereto-

fore homologated in this case, and to show that the results reached thereby were unfounded in fact and in law.

But the counsel of plaintiff objected to such evidence, on the ground that *Mr. McCormack* had been one of the auditors of accounts appointed in this case, and had given testimony heretofore on the trial of the opposition to the umpire's report ; and on the further ground, that the judgment of the homologation of said umpire's report was conclusive as to all matters embraced in said report."

The court did not err.

The homologation of the umpire's report, contradictorily with the parties in interest, was final as to the special matters embraced in it, and they could not be mooted again before the same court when the cause came on to be heard on its merits.

The Code of Practice treats such a judgment of homologation as a serious judgment, and not a mere form ; and it has made provision for a contestation upon the items of the report only *previous* to the decree of homologation. C. P. 456, 457, 458, 459, 460, 461.

Judgment affirmed.