No. 3561

Second Circuit

———

GRIFFING ET AL. v. KING

———

(December 31, 1929. Opinion and Decree.)

———

Thompson and Berry, of Winnsboro, attorneys for plaintiffs, appellees.

Wm. H. Mecom, of Columbia, attorney for defendant, appellant.

WEBB, J. This is an action of boundary. Plaintiffs alleged in substance that they were the owners of the W½ of SW¼, section 5, and NW¼ of NW¼, section 8, township 12 N., range 9 E., which is contiguous to the E½ of SE¼, section 6, and NE¼ of NE¼, section 7, in same township and range, owned by defendant; that the boundary between the properties had not been established, and they prayed for service and citation and for the appointment of a surveyor to inspect and survey the premises and make due returns of his survey, and that the same be homologated and the line established accordingly.

Process was made on defendant, who filed an exception of no cause of action and pleaded the prescription of 10, 20, and 30 years in bar of plaintiff's demand, and the exception and pleas were referred to the merits, and thereafter defendant consented to the appointment of a surveyor, without prejudice to her rights under the pleas previously filed, and the court signed a formal order appointing a surveyor, and directing him to make a survey of the property described in the petition as belonging to plaintiffs but of other lands than as alleged to belong to defendant, and the order did not thus direct the survey of contiguous lands.

The surveyor, however, surveyed the line between the W½ of SW¼, section 5, and E½ of SE¼, section 6, and filed a proces verbal of his survey, and plaintiffs filed a motion to homologate the proces verbal and obtained an order for a rule against defendant to show cause why the proces verbal should not be homologated and the boundary between the W½ of SW¼, section 5, and E½ of SE¼, section 6 fixed and established in accordance with the survey.

Service of the motion was accepted, and issuance of the rule waived by defendant, who again excepted and pleaded the prescription of 30 years.

The minutes show that thereafter the case was fixed for trial on June 1st, and that on June 4th the rule was called for trial, and, defendant failing to appear, trial was proceeded with and judgment rendered approving and homologating the proces verbal and fixing and establishing the boundary between the W½ of SW¼, section 5, and E½ of SE¼, section 6, township 12 N., range 9 E., in accordance with the survey.

Defendant appealed, and she especially complains that the order for the survey did not designate the property to be surveyed as described in the petition, but described other property, and, further, in event it should be held that the order should be read in connection with the petition, and the surveyor be held to have been authorized to make the survey, that he had failed to survey the line between the NW¼ of NW¼, section 8, and NE¼ of NE¼, section 7, and she also complains of the decree establishing the boundary between the W½ of SW¼, section 5, and E½ of SE¼, section 6, on trial of the rule. She further complains of the phraseology of the de-

cree, in that following the declaration homologating the proces verbal of the survey and declaring the line as surveyed between the W½ of SW¼, section 5, and E½ of SE¼, section 6, to be the boundary line between those tracts; it was further declared that the line "is the true boundary line between the estates of the plaintiffs in the South half of Section five, etc., and the estate of defendant in the South half of Section 6" etc.

It is generally known that, in suits of the present character, the orders are usually drafted by counsel, and that often the attitude of counsel representing the parties is such as to mislead the court, and warrant the assumption that they acquiesce in methods of procedure which are not strictly in compliance with the ordinary procedure, and, while all of the irregularities of which defendant complains would not have occurred if she had given proper attention to the suit, yet an action of boundary is of such nature that necessarily a degree of formality must be observed which is not essential in other actions, and the consent of the parties to a departure from the ordinary course may not be inferred from an apparent acquiescence.

The procedure in such actions is the same as in other actions involving questions of fact as well as of law, and there is not any provision which authorizes the boundaries between estates to be established by summary proceedings or by rule.

It is usually necessary that a surveyor be appointed to survey the property, (article 841, Civ. Code), and, as he is required to make a proces verbal of the survey, which is required to be drafted with some formality and should show in its face that the surveyor has complied with the requirements (articles 833, 835, Civ. Code), there could not be any reason why the proces verbal of the survey should not be homologated on a motion or rule to show cause, and, if the parties agree to submit the cause on the merits at that time, there could not be any objection to the line as surveyed being declared to be the boundary line, if the survey is shown to be correct, and no other evidence is offered.

However, on a motion to homologate the proces verbal of the survey, the correctness of the survey is not at issue, and, even though the survey is correct, it is not conclusive of the question of boundary, and we do not think that the plea of prescription which defendant filed in answer to the rule can be considered as showing that she consented to the case being tried on its merits, and, as it does not appear that defendant was present or represented on the trial of the rule, we do not think that evidence as to the correctness of the survey and other evidence appearing, the record could have been received at that time and judgment rendered establishing the boundary, unless the case was fixed for trial on the merits.

The record does not show that the cause was fixed for trial on the merits, and the judgment rendered establishing the boundary line on the trial of the rule to homologate the proces verbal of the survey, in the absence of anything to show that defendant consented to the trial of the cause at that time, cannot be maintained.

We do not deem it necessary to pass upon the question presented by counsel, relative to the regularity of the order for the survey, and the failure of the surveyor to survey the line between the NW¼ of

NW¼, sec. 8, and NE¼ of NE¼, sec. 7, as such matters will no doubt be taken care of on the cause being remanded.

It is therefore ordered that the judgment appealed from homologating the process verbal of the survey and establishing the boundary be avoided and set aside, and that the cause be remanded for further proceedings, reserving to the parties the right to amend their pleadings or file such further pleas as they may desire.

It is further ordered that the plaintiffs pay the cost of appeal, and that the liability of the parties for all other costs await the trial.