McCALEB, Justice.
 

 The plaintiffs, Mr. and Mrs. William R. Painten, prosecuted this appeal from an order rendered by the District Court approving and homologating the procés verbal and report of Mr. E. L. Eustis, Civil Engineer and Surveyor, who was appointed by the court to make a survey and fix the boundary lines of certain contiguous real property of which the plaintiffs and the defendant are adjoining proprietors.
 

 The defendant, Marion V. Pilie, has moved to dismiss the appeal on the ground that the order of homologation is an interlocutory order from which an appeal may not be taken.
 

 The facts pertinent to our consideration of the motion to dismiss are as follows: The plaintiffs and the defendant are the owners of two separate parcels of land situated in the City of New Orleans which adjoin each other. Claiming that the defendant had erected certain fence posts as a boundary line, which encroached upon their land, the plaintiffs brought suit in the District Court to have the boundary between the contiguous properties judicially established. Acting in conformity with Article 841 of the Civil Code, the judge appointed a qualified surveyor, who made ar survey of the property and reported his findings to the court. After his procés verbal and report had been filed, the defendant moved and obtained an order for the plaintiffs to show cause why the report should not be homologated and approved. Upon the hearing of this rule, the court made it absolute. The plaintiffs thereafter appealed from the order of homologation.
 

 In resisting the motion to dismiss, the plaintiffs, while conceding that the order appealed from is an interlocutory one, assert that it has caused them irreparable injury because it is. tantamount to a decision on the merits of the case. In support of their position, they direct our attention to the provisions of Article 566 of the Code of Practice, which permits an appeal from an interlocutory judgment where such judgment has the effect of causing irreparable injury to the appellant.
 

 
 *718
 
 [1] The contention of the plaintiffs is not tenable. An order homologating the report of a surveyor in an action of boundary does not have the effect of establishing the correct boundary of the contiguous estates and cannot be regarded as a disposal of the case on its merits. Article 841 of the Civil Code, which charges the court with the duty of appointing a surveyor in actions of boundary, provides:
 

 “It is the duty of the judge who has cognizance of suits on the subjects of limits, to appoint surveyors to inspect the premises in question, and the court, on their report, ought to decide according to the title of the parties, and the plans which shall be presented to the court.”
 

 [2] It is to be noted that the Codal article does not permit the court to decide the issue of boundary merely upon the report of the surveyor but that it is the judge’s duty to examine the report in connection with the title of the parties and any other admissible evidence which might be produced upon the trial of the merits of the case. Hence, an order of homologation of a surveyor’s report does not irrevocably bind the judge to sustain the report when the case is finally submitted to him for decision. In Griffing et al. v. King, 12 La.App. 376, 125 So. 497, 498, the Court of Appeal of the Second Circuit was called upon to determine whether an order homologating the report of a surveyor had the effect of disposing of the issue presented by the merits in a boundary suit. In answering the question in the negative, the court said:
 

 “The procedure in such actions is the same as in other actions involving questions of fact as well as of law, and there is not any provision which authorizes the boundaries between estates to be established by summary proceedings or by rule.
 

 “It is usually necessary that a surveyor be appointed to survey the property (article 841, Civ.Code), and, as he is required to make a procés verbal of the survey, which is required to be drafted with some formality and should show in its face that the surveyor has complied with the requirements (articles 833-835, Civ.Code), there could not be any reason why the procés verbal of the survey should not be homologated on a motion or rule to show cause, and, if the parties agree to submit the cause on the merits at that time, there could not be any objection to the line as surveyed being.declared to be the boundary line, if the survey is shown to be correct, and no other evidence is offered.
 

 “However, on a motion to homologate the procés verbal of the survey, the correctness of the survey is not at issue, and, even though the survey is correct, it is not conclusive of the question of boundary, ‡ *
 
 »
 

 [3] We think that the foregoing quotation is a correct statement of the law. In truth, while it has been considered as an accepted practice among the members of the bar to move for, and obtain orders of, homologation of surveyors’ reports in boundary suits, our attention has not been directed to, and we have been unable to find, any article of the Code of Practice or
 
 *720
 
 the Civil Code which requires that this procedure be taken. Nor do we see that any substantial advantage may be gained in an action of boundary (save possibly the approval of the survey as to form) by having the court summarily approve the surveyor’s report in advance of a trial on the merits forasmuch as. the court is obliged, finally, to determine the correctness of the survey in connection with the other evidence produced at the trial.
 

 In stressing their argument that the homologation order is a serious judgment which works irreparable injury, counsel for plaintiffs cite Articles 456, 457, 458, 459, 460 and 461 of the Code of Practice and the cases of Betterton v. Adams, 13 La.Ann. 334; Thompson v. Parrent, 12 La.Ann. 183; McNair v. Gourrier, 40 La.Ann. 353, 4 So. 310; McCarty v. Zacharie, 11 La.Ann. 474; and State ex rel. McLellan v. Judge, Man.Unrep.Cas. 101. The articles of the Code of Practice relied upon prescribe the procedure to be followed in homologating the reports of judicial arbitrators, auditors of accounts and other experts who are appointed with the consent of the litigants and are inapplicable to surveyors in boundary suits who are designated by the court under the authority of Article 841 of the Civil Code. The cited cases are likewise inapposite because the questions presented in all of them had reference to the homologation of the reports of auditors or other experts appointed under the provisions of Articles 444, 445 and 446 of the Code of Practice.
 

 Being of the opinion that the interlocutory order of the District Court does not cause irreparable injury to the plaintiffs, the motion of the defendant-appellee is maintained and the appeal is dismissed.