HERGET, Judge.
Rene Naquin seeks by this suit to have a judicial determination of the boundary between his property and that of John Na-quin. Plaintiff’s tract of land is situated in the Parish of Lafourche, and located about six or seven miles above the City of Thibodaux on the right descending bank of Bayou Lafourche. Defendant’s tract adjoins Plaintiff’s property to the south. Each owns a tract measuring one arpent front on the Bayou by eighty arpents in depth. Since they adjoin each other for eighty arpents, a slight difference in the boundary makes a substantial difference in the acreage belonging to each party.
The petition alleges that the Plaintiff was unsuccessful in his attempts to have the Defendant agree to amicably fix their common boundary line, and seeks to have a judgment judicially fixing the boundary. Suit was filed on July 17, 1958. On that same date the court appointed Carl Heck, C. E., to survey the line. Mr. Heck took no action and he was dismissed and on July 20, 1959 Mr. John Hoffman was appointed to survey the line. Mr. Hoffman took no action and on April 6, 1960 he was dismissed and Mr. J. C. Lovell, Surveyor, was appointed to make this survey, and he promptly did the work.
The Defendant did not appear or file any pleadings, and on October 16, 1958 a preliminary default was entered. This default was confirmed by judgment rendered June 20, 1960 and read and signed on June 30, 1960. Defendant’s devolutive appeal was granted on June 28, 1961, and the appeal bond was filed on June 30, 1961.
The evidence taken on the confirmation of default was not recorded, and therefore the record before us is limited to the minutes of court, the pleadings, exhibits, judgment and appeal.
The issues which Appellant seeks to have this Court consider are: (1) the correctness of the survey fixing the boundary line; and (2) the prematurity of the preliminary default entered prior to the filing of the report by the surveyor.
The judgment read and signed on the 30 day of June, 1960 in part decreed:
* * * “IT IS ORDERED, ADJUDGED and DECREED that the preliminary judgment by default entered herein on October 16, 1958, be confirmed and made final, and that accordingly, there be judgment herein in favor of the plaintiff, Rene A. Naquin, and against the defendant, John Na- *527 quin, approving and homologating the proces verbal of J. C. Loval, Surveyor, which is on file in these proceedings, and
“IT IS FURTHER ORDERED, ADJUDGED and DECREED that the boundary line separating the property of the plaintiff from the property of the defendant be, and the same is hereby fixed in accordance with said proces verbal bearing date of May 4, 1960, and the map of survey bearing date of May 2, 1960, which is on file in these proceedings and are made part of this judgment.” * * *
In the case of Griffing v. King, 12 La. App. 376, 125 So. 497, the Court said:
“However, on a motion to homolo-gate the proces verbal of the survey, the correctness of the survey is not at issue, and even though the survey is correct, it is not conclusive of the question of boundary, and we do not think that the plea of prescription which defendant filed in answer to the rule can be considered as showing that she consented to the case being tried on its merits, and, as it does not appear that defendant was present or represented on the trial of the rule, we do not think that evidence as to the correctness of the survey and other evidence appearing (sic) the record could have been received at that time and judgment rendered establishing the boundary, unless the case was fixed for trial on the merits.
“The record does not show that the cause was fixed for trial on the merits, and the judgment rendered establishing the boundary line on the trial of the rule to homologate the proces verbal of the survey, in the absence of anything to show that defendant consented to the trial of the cause at that time cannot be maintained.” (Emphasis added.)
In Painten v. Pilie, 198 La. 713, 4 So.2d 804, the Supreme Court of this State quoted with approval the decision of the Court of Appeal in the Griffing case supra in disposing of a motion to dismiss an appeal taken from a judgment homologating a survey made in a boundary action.
Where, as in this case, no boundary has been fixed between contiguous estates, under LSA-C.C. Article 824 the right is given to have such boundary fixed, which right is made imprescriptable under LSA-C.C. Article 825. Thus, until the survey has been made by the court appointed surveyor necessarily no answer need be filed by the defendant as the boundary line fixed by the surveyor may be in accord with defendant’^ position.
Under LSA-C.C. Article 837 reading as follows:
“If, before the surveyor has finished the work, or set up the boundaries, the parties interested, or any of them, shall make opposition thereto, the surveyor must desist, and refer the parties to the court, to have a decision on their respective rights, after having made mention of the opposition in his proces verbal, and the reason for the same, if any be alleged.”
the parties interested are given a right to object to the line fixed by the surveyor and such opposition is then, by the surveyor, referred to the court for its determination.
We have searched the record in this case and there is no showing that the case was fixed for trial on the merits, the record affirmatively showing the judgment taken was on a confirmation of default.
LSA-C.C. Art. 839 provides:-
“When the limits have been fixed after due notice to the parties, and no opposition being made, the parties do not thereby lose their right of resorting to a court of justice to rectify the operation if they think it for their interest; but the limits will remain provisionally as fixed, until otherwise determined.” (Emphasis added!
*528 LSA-C.C. Art. 841 provides:
“It is the duty of the judge who has cognizance of suits on the subject of limits, to appoint surveyors to inspect the premises in question, and the court, on their report, ought to decide according to the titles of the parties, and the plans which shall be presented to the court.”
Considering the articles of the Civil Code, supra, we are of the opinion that the parties are given the right to make known their opposition to the surveyor who thereupon presents same to the court; or, failing to make known their opposition to the surveyor, the parties are accorded the right following the filing of the survey to object to the boundary so fixed and be given an opportunity to present their contentions to the trial court. Thereupon the boundary is judicially fixed after consideration of the survey and the evidence offered on the trial of the case on the merits, thus making it essential that the case be fixed for trial on the merits or the parties consent to the trial on the merits.
Accordingly, the judgment appealed from homologating the proces verbal and fixing the boundary is avoided and set aside and the case is remanded to the Trial Court, reserving to the parties the right to amend their pleadings or file such further pleas as they may desire and the issue be fixed for trial on the merits.
It is further ordered that the cost of this appeal be divided equally between appellant and appellee and the liability of the parties for all other costs await the trial.
Reversed and remanded.