Plaintiff caused issuance of a writ of fi. fa. on judgment rendered in its favor by the City Court, Alexandria Ward, of the Parish of Rapides and against Buford T. Price, and contemporaneously therewith Harold Price, doing business as Auto Electric Service, was made garnishee. He was cited as such, and the usual interrogatories were propounded to and served on him. He did not answer, however, until the second day after the expiration of the time allowed for doing so. On the day the garnishee answered, plaintiff provoked the issuance of a rule on the garnishee to show cause why his answer should not be set aside as having been filed too late, and why judgment pro confesso against him should not be signed by the court. After trial the relief sought through the rule, in all respects, was denied and the rule dismissed.
Plaintiff appealed from judgment in keeping with the ruling of the court.
[1] While plaintiff's counsel was arguing the case it occurred to members of the court that the judgment appealed from was not definitive in character, but interlocutory. The record facts elicited from counsel convinced the court that the judgment was not definitive, and, for this reason, was not subject to be appealed from. Further argument in the case was stopped.
[2] It is obvious to us that after the relief sought by the rule was denied, plaintiff's legal and logical course was to proceed to traverse the garnishee's answers as being untrue if it desired to further prosecute *Page 230 
the matter. If its demand on this score had been denied, plaintiff would have had a right of appeal to this court as the judgment on the motion to traverse would have been definitive because it would have the effect of adjudging finally the issue raised by the motion. In such case, plaintiff could have urged its complaint against, and submitted for decision, the City Court's ruling on the rule as the appeal would have brought up for review that ruling.
[3,4] Judgments are either interlocutory or final. Interlocutory judgments do not decide on the merits. They are pronounced on preliminary matters in the course of the proceedings. Definitive or final judgments are such as decide all the points of controversy between the parties. Such judgments have the force of res judicata. Code of Practice, Articles 537, 538 and 539.
For the reasons herein assigned, the appeal in this case is hereby dismissed at appellant's cost.