This is an appeal from a judgment of the City Court of Alexandria, Parish of Rapides, State of Louisiana, dismissing a motion to traverse the answers of a garnishee on exceptions of no right and no cause of action. We find it desirable to set forth the facts in this case in some detail despite the fact that they are somewhat involved.
On November 13, 1945, judgment was rendered in favor of plaintiff, Industrial Loan Investment Company, against defendant, Buford T. Price, in the sum of $164, with interest, costs, etc. Writs of fieri facias were issued on January 24, 1946, under which Harold Price, owner and operator of the Harold Price Auto Electric Service, was made garnishee, interrogatories being served on the same date. On February 5, 1946, the day after the expiration of the delay fixed by law for the filing of answers by a garnishee, counsel for plaintiff submitted to the clerk of the City Court a motion for judgment pro confesso, with the request that said motion be presented to the judge for signing of the judgment included therein. The motion was neither filed by the clerk nor signed by the judge, and, on the same day, but subsequent to the tendering of plaintiff's motion, the garnishee filed his answers. On February 14, 1946, plaintiff's counsel filed a rule to show cause why the garnishee's answers to the interrogatories should not be striken as being untimely filed, and the motion for a judgment pro confesso against the garnishee signed by the court. This rule was tried on March 5, 1946, and dismissed at plaintiff's cost.
Plaintiff devolutively appealed to this court and, after hearing, the appeal was dismissed on the ground that the judgment from which the appeal had been taken was interlocutory and not definitive, Industrial Loan Investment Co. v. Price,26 So.2d 229. Subsequently, on June 21, 1946, plaintiff's counsel filed a motion to traverse the garnishee's answers to the interrogatories. Exceptions of no cause or right of action were filed on behalf of the garnishee, which exceptions were based upon the proposition that the twenty days delay for traversing the answers of a garnishee, as provided in Article 264.1 of the Code of Practice, had long since run. The exceptions were referred to the merits and after trial there was judgment sustaining the exceptions and dismissing the motion to traverse at plaintiff's cost. From this judgment plaintiff prosecutes a devolutive appeal.
There can be no question as to the correctness of the judgment dismissing the motion to traverse. Article 264.1 of the Code of Practice clearly and specifically provides that, within twenty clear days after service of the notice of the filing of an answer by a garnishee, a plaintiff or seizing creditor, if he so desires, may by rule or "other proceedings" proceed to disprove or traverse the answers of the garnishee. The article further sets forth: "* * * and upon the failure of the plaintiff or seizing creditor to file a rule or institute other proceedings as aforesaid, any property, rights or credits in the hands of said garnishee shall, by the mere fact of said failure, be considered as released from seizure under said writ of attachment or of fieri facias, and no proceedings of any nature in, said suit shall thereafter be allowed to subject such property rights or credits in any manner to said writs, except after a new seizure and the service of new interrogations."
[1, 2] It is contended on behalf plaintiff in this case that no notice of the filing of an answer by the garnishee was served on plaintiff as required under the provisions *Page 883 
of the same article of the Code of Practice. While it is true that no formal service of notice was made on plaintiff, it is obvious that by filing a formal motion to set aside the answers of the garnishee, which motion was filed on February 14, 1946, plaintiff has waived his right to object to the lack of formal service of notice. The time elapsing between the filing of this motion, and the filing of motion to traverse the answers of the garnishee, was far more than twenty days, and, as we have stated, there can be no question as to the fact that plaintiff's right to disprove or traverse the answers of the garnishee had been lost by reason of his delay.
[3] While for these reasons the judgment of the lower court is found to be correct on the direct issue involved, nonetheless, it must be considered that this appeal, being from a definitive judgment, also presents for review by this court any interlocutory orders and judgments in the proceedings prior to final judgment. At this time, therefore, there is properly before us the question raised on plaintiff's first appeal, which we dismissed for the reason hereinabove stated.
[4] Plaintiff complains that he was entitled to the signing of a judgment pro confesso upon presenting a motion to such effect, and that his right, despite the refusal of the clerk to file and of the judge to sign, was carefully preserved by the motion filed on February 14, 1946. We think this point is well taken in view of the fact that the motion of February 14 shows that it referred to the motion of February 5 and prayed for judgment thereunder.
[5, 6] Indirectly the question is presented as to whether or not the judge of the lower court was guilty of an abuse of discretion or of failure to perform a mandatory duty by not signing the order for a judgment pro confesso at the time the original motion praying for such judgment was presented. In our opinion this is a question that could have been properly resolved only upon consideration of an application for writs of mandamus, under the provisions of Article 838 of the Code of Practice. On appeal we must concern ourselves, in so far as orders and decrees of the lower court are concerned, only with what has been done, and not what could or perhaps should have been done, by a judge of a lower court with regard to performing or refusing to perform certain functions of his office.
[7] Pretermitting any further discussion of the technical aspects of this case we find that the failure of the garnishee to file his answer within the delay provided by law was not due to his own neglect but to the fact that he relied, and properly so, upon the assurance of the judge of the trial court that he would hold up judgment until the answer was filed.
We are further impressed by the fact that the evidence on the merits, as adduced on trial of the motion to traverse the answers of the garnishee, definitely established the fact that the garnishee was not indebted to defendant at the time or since service of garnishment process.
To our minds it would be both inequitable and unjust to penalize the garnishee in this case. We believe the equities in this case to be much stronger in favor of the garnishee than they were in the matter of National Park Bank v. Concordia Land Timber Co. (Black River Lumber Co., garnishee), 154 La. 31, 97 So. 272, in which the Supreme Court set aside a judgment pro confesso against the garnishee on the ground that the failure of garnishee to answer before judgment resulted not from his own carelessness or inadvertence but from a misunderstanding as to an agreement made by plaintiff's counsel.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 884