On Motion to Dismiss.
 

 OVERTON, J.
 

 Plaintiff obtained a judgment of separation from bed and board against defendant on June 7,1923. On January 30,1929, plaintiff, alleging that he had obtained the judgment of separation, and that there had been no reconciliation since the rendition of the judgment, prayed that he be granted an absolute divorce from defendant.
 

 Defendant filed an answer tó this demand. She admitted that the judgment of separation had been rendered, but denied that there had been no reconciliation between her and plaintiff. Defendant then, in articles 3, 4, 5, 6, 7, and 8 of her answer, sets forth an agreement entered into between her and plaintiff, whereby plaintiff was to pay her alimony monthly in a fixed amount from the date the judgment of separation was signed until plaintiff obtained a final decree of divorce from her, and that he was to pay her $1,000 in cash, and keep actively in force life-insurance for $10,-000 with her as the beneficiary, during the remainder of his life, and that he would allow her monthly charge accounts for wearing apparel at certain stores, not to exceed $10 a month, and not to continue beyond the final decree of divorce. She alleges a breach of this agreement, and she also alleges that a community of acquets and gains existed between her and plaintiff, which, at the time of its dissolution by the rendition of the judgment of separation from bed and board, possessed property of the value of $4,104.20. Defendant then prays for the rejection of plaintiff’s demand and for judgment in re-convention against plaintiff for the alimony he agreed to pay her, less a certain amount paid, for the $1,000 cash he obligated himself to pay, and ordering him to restore her as beneficiary of the policies obtained by him, so as to carry out the agreement, and to continue the policies in force; and, in the alternative, for her one-half of the community property.
 

 When this answer was filed, plaintiff moved to strike from it articles 3, 4, 5, 6 and 7, and, we may add, article 8 thereof, and also the prayer for judgment in reconvention. The motion is based, among other grounds, on an exception of no cause ' of action, directed against the articles showing the agreement, and, as to the alternative demand for one-half of the community, on a plea of prescription of
 
 SO
 
 days, prompted by the alleged failure of defendant to accept the community within that time.
 

 The trial court rendered judgment sustaining the exception of no cause of action and the plea of prescription. Plaintiff moves to dismiss the appeal taken from the judgment sustaining this exception and plea, on the ground that the judgment is not a final one, and is not of such a nature as to work irreparable injury.
 

 The judgment does not purport to dispose of the entire case, and therefore is not a final judgment. The Code of Practice defines definitive or final judgments as follows: “Definitive or final judgments are such as decide all the points in controversy between the parties. Definitive judgments are such as have the force of res adjudieata.” Code Prac. art. 539. The judgment in this case is not a final judgment, because it leaves undecided the main demand. Not being decisive of all the points in controversy, it would not support a plea of res adjudieata. This is so because it is an interlocutory judgment. Code Prac. arts. 538 and 539. The fact that the judgment
 
 *387
 
 was signed cannot change it from an interlocutory to a final judgment. State ex rel. Pflug v. Judge, 35 La. Ann. 765; Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553, 555; Trcka v. Bragmans Bluff Lbr. Co., 168 La. 805, 123 So. 332.
 

 The cases,-cited supra, are pertinent here, beyond the point on which they have been cited. In the Pflug Case, a reconventional demand was struck from the answer, and, in passing on an application for a writ of mandamus, to force the granting of a suspensive appeal from the judgment, striking the recon-ventional demand from the record, this court held that the judgment was not a final one, but was an interlocutory judgment, the court saying, “The case has not yet been tried, hence the decree complained of is not a final judgment in- the case; therefore it is an interlocutory judgment.” In the case of Bossier’s Heirs v. Hollingsworth & Jackson, the trial court sustained an exception of no cause of action to a part of the plaintiff’s demand. In passing upon, a motion to dismiss the appeal from the judgment so rendered, this court, after citing article 539 of the Code of Practice, • defining definitive judgments, article 565 of that Code, providing for appeals ■from all definitive judgments, which are ap-pealable under the law, and article 566 thereof, which provides for appeals from certain interlocutory judgments, said: “We therefore usually understand by the term ‘final judgment’ that judgment which, disposing of all the issues not previously disposed of.by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law authorizes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single.suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts.” In that case the court -found that the judgment under consideration did not dispose of all the points in controversy between the parties, and therefore was not a final judgment, and that, as an interlocutory judgment, it was not susceptible of working irreparable injury, and dismissed the appeal. In the case of Troka v. Bragmans Bluff Lbr. Co. an exception of no cause of action was sustained as to a part of the plaintiff’s demand, and this court held that the judgment was an interlocutory one and .could not work irreparable injury, and dismissed the appeal. See, also, as bearing on the question here involved, Succession of Williams, 153 La. 206, 95 So. 607. The case of State ex rel. Ikerd v. Judge, 35 La. Ann. 212, was, in effect, overruled in Bossier’s Heirs v. Hollingsworth & Jackson, supra, 117 La. 221, 226, 41 So. 553. The cases of Cary v. Richardson, 35 La. Ann. 505, and Garland v. Dimitry, 164 La. 875, 114 So. 718, which latter follows the Cary Case, may be differentiated from the present case on the ground that the judgments, appealed from in those cases, disposed of the entire merits of the cases, with the exception- of an accounting to be done, which was to be done in furtherance, or in execution, of the judgments, forming the bases of the appeals.
 

 The judgment, in this case, not being a final judgment, but merely an interlocutory one, the right to appeal from it, prior to the rendition of final judgment, depends, as provided in article 566 of the Code of Practice, upon whether it may cause appellant irreparable injury. To quote from State ex rel. Pflug v. Judge, supra: “The character of the injury caused by an interlocutory judgment, even when it is signed by the Judge, must be tested under the following plain rule: ‘If the decree of the appellate court can restore the parties, without the loss of any right un
 
 *389
 
 der the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist’ ” — citing Fields v. Gagné, 33 La. Ann. 340.
 

 The judgment in this case is not such a one as may wort irreparable injury. Even though more than a year should elapse before the final judgment to be rendered should come before this court, we may restore the parties to the identical position, without the loss of any right, under the pleadings, which they occupied before the rendering of the interlocutory decree complained of. The court may then afiirm the ruling of the trial court, or it may reverse that ruling and remand the reconventional demand for trial, and this without injury to any one.
 

 Perhaps it is not inappropriate to say here that, in order to avoid such appeals as the present, district courts should refuse to sign .interlocutory judgments rendered by them, save in those instances where they may be directed to do so by law. Even where an appeal lies from an interlocutory judgment, no signed judgment is necessary. It is otherwise, however, as to appeals from final judgments.
 

 For these reasons, the appeal herein is dismissed, without prejudice, however, to appellant’s right to have the judgment appealed from reviewed upon appeal from the final judgment to be hereafter rendered in the ease, and, if plaintiff should dismiss his demand, then from the judgment of dismissal; it being the intention to reserve appellant’s rights fully, save as herein disposed of, as to the judgment forming the basis of this appeal.
 

 O’NIELL, O. J., dissents.