O’NIELL, Chief Justice.
 

 The district attorney for the Parish of Orleans is applying for writs of certiorari and mandamus to compel a judge of the Civil District Court, to grant him a suspensive appeal from an order appointing an attorney at law to institute a suit to remove the district attorney from office. The judge appointed the attorney to institute the suit on the request of twenty-five citizens and taxpayers, and under authority of Section 6 of Article 9 of the Constitution, and Act No. 135 of 1880, making provision for the removal from office of certain classes of public officials, including district attorneys, for certain specified causes, including incompetence, favoritism, and gross misconduct in the performance of the duties of the office. The Constitution, .in the article and section referred to, provides that, when such a suit is to be brought against a district attorney, it shall be brought by the attorney general or by the district attorney of an adjoining district, or by an attorney appointed by a judge of a district court, whenever requested by twenty-five or more citizens and taxpayers, in a written request, specifying the charges. In this case the charges specified in the written request of the twenty-five citizens and tax payers were incompetence, favoritism, and gross misconduct in the performance of the official duties of the district attorney.
 

 In his petition to the civil district court for a suspensive appeal, the district attorney complained that the order appointing an attorney to institute the suit for his removal from office was an ex parte order; that is to say, that the appointment was made without service of a notice upon the district attorney, and without affording him an opportunity to oppose the appointment. He complained also that the twenty-five citizens and taxpayers, in their request for the appointment of an attorney to institute the suit, did not “specify the charges” to be made against the district attorney, as required by the Constitution. These complaints are repeated in the district attorney’s petition to this court for
 
 *669
 
 a writ of mandamus.. The complaints are matters which we may consider only for the purpose of determining whether the district attorney has the right to a suspensive appeal from the order appointing the attorney to institute the suit against him. The statute authorizing such a proceeding — Act No. 135 of 1880 — declares, in Section 6, that any party to the suit may appeal from the final judgment, or from any interlocutory decree that might cause him irreparable injury. The order complained of by the district attorney in this case, of course, is not a final judgment. Hence he has no right to appeal from the order unless it is an interlocutory decree which might cause him irreparable injury. In the first place, we doubt that the order should be characterized as an interlocutory decree. An interlocutory decree is-defined as one that is rendered in the progress of a lawsuit, or between the commencement and the end of the suit. It is so defined in Bouvier’s Law Dictionary; in Black’s Law Dictionary; in Ballentine’s Law Dictionary; in Webster’s New International Dictionary; in Words and Phrases, First Series, Volume 4, page 3713; and in the Code of Practice, art. 538. The order which the district attorney is trying to appeal from in this instance was not rendered during the progress of a lawsuit. No suit has been filed yet. But the question whether this order is an “interlocutory decree” is not important beside the fact that the older itself cannot cause irreparable injury. The district attorney will have ample opportunity to except to the petition when the suit is filed, if the petition fails to set forth in detail such facts as will disclose a cause of action. We doubt that it is necessary to set forth such facts in detail in the request for the appointment of an attorney to institute a suit like this; but that question also may be presented by way of an exception to the proceedings when the attorney files his suit. It is for that reason perhaps that the law does not require, in a case like this, that the appointment of an attorney to institute the suit shall be made in a proceeding had contradictorily with the district attorney. In that respect the proceeding is similar to an appointment of an attorney or a curator ad hoc to institute a suit in behalf of someone who cannot bring the suit himself. The law does not favor the interrupting of judicial proceedings by appealing from interlocutory decrees. Hence comes the rule that an appeal is not allowed from such a decree unless it is one which may cause irreparable injury. Our conclusion is that there is no right to a suspensive appeal from the order complained of in this case.
 

 The relief prayed for is denied.