FOURNET, Justice.
 

 The plaintiff and appellee, Three Way Finance Company, Inc., having instituted suit against the nonresident defendants, W. M. McDonald and Aircraft Investment Corporation, by way of attachment, garnisheed certain amounts allegedly due these defendants by the partnership, Monroe Airpark, and its component partners, G. Foster Wallance and H. Girardet Prophit, Jr., on notes executed by them in favor of the nonresident defendants and these garnishees, having been ordered by the court to hold and retain the amounts due by them on these notes pending the final determination of the suit and the further orders of the court, appealed from such judgment. In this court the plaintiff has moved to have the appeal dismissed on the ground that the ruling of the court appealed from is an interlocutory decree and not a final judgment and the garnishees are, therefore, without right to appeal at this stage of the proceedings, citing in support thereof the cases of A. Rochereau & Co. v. Guidry, 24 La.Ann. 294, Feitel v. Feitel, 169 La. 384, 125 So. 280, and In re Byrne, 193 La. 566, 191 So. 729, 730.
 

 “One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default.” Article 565 of the Code of Practice. “One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury.” Article 566.- “Definitive or final judgments are such as decide all
 
 *507
 
 the points in controversy, between the parties” and “have the force of res judicata” (Article 539), while “Interlocutory judgments do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings.” Article 538.
 

 The logic behind these codal pronouncements was very aptly stated in the case of In re Byrne, supra, to be that “The law does not favor the interrupting of judicial proceedings by appealing from interlocutory decrees. Hence comes the rule that an appeal is not allowed from such a decree unless it is one which may cause irreparable injury.”
 

 It necessarily follows, therefore, that this court, in the several cases relied on by the mover, correctly held that the garnishee whose indebtedness to the main defendant was not in dispute either as to the existence of the debt or the amount thereof, all of the interested parties being before the court, was a mere stakeholder to whom no injury could result by reason of the court’s order to withhold the funds, and, consequently, that these parties were without interest to appeal from such interlocutory decrees.
 

 However, these holdings are not controlling in the instant case for the parties here garnisheed are makers of notes that while payable to the order of the debtors of the plaintiff, the nonresident defendants, are negotiable instruments that are in the hands of third parties who have not been made parties to the suit. We think, therefore, that the appellants are entitled to have the matter of the right of the plaintiffs to have these funds withheld and retained during the pendency of the decision on the main demand expeditiously and finally determined.
 

 Clearly bona fide persons holding these notes, not being parties to the proceedings, would not be bound by the judgment of the court ordering the garnishees to pay the amounts represented by the notes to the attaching creditors and they would not even be compelled to wait until the final determination of the main issues in the case for payment. Instead, they could demand payment when it is due and if not promptly paid by the makers, they could then very easily seize the property given as security and cause the garnishees not only the expense incidental to such a procedure, but also injury and loss occasioned by tying up in litigation the property given in security.
 

 For the reasons assigned the motion to dismiss the appeal is denied.