PONDER, Justice.
 

 The plaintiffs, Mrs. Nellie Price Graham et al.,; stockholders in the Canal Bank & Trust Company, sought by rule to compel the liquidator and the special agent of the state bank commissioner to file an account of the administration of the affairs of the Canal Bank & Trust Company while it was in the process of liquidation under the supervision of the bank commissioner. The lower court gave judgment denying the demand and dismissed the rule. The plaintiffs appealed. • Other stockholders have moved to dismiss the appeal on the ground that the judgment is an interlocutory one and that no appeal lies therefrom. The motion and the appeal have been submitted for our determination.
 

 Ordinarily a judgment denying an accounting is not appealable, but we are presented with an unusual situation in this case. At the time the judgment was rendered there had been a previous notice published in the newspapers that the bank commissioner would surrender- the assets of the corporation to the stockholders within a short period of time. The assets were turned over to the stockholders without an order- of court a short'time thereafter.
 

 An interlocutory judgment is one that pronounces on preliminary matters in the course of the proceedings. Article 538 of the Code of Practice. A final or definitive judgment decides all the points in controversy and has the force of res judicata. Article 539, C.P. An appeal lies from an interlocutory judgment which may cause an irreparable injury. Article 566, C.P. The reason that an appeal is
 
 not
 
 per
 
 *413
 
 mitted from an interlocutory judgment, unless it works irreparable injury, is because the law does not favor the bringing up of ■cases by piecemeal when all such matters ■can be reviewed on the appeal from the final judgment. There was no final judgment rendered in this case unless the judgment tinder review be considered one. Under the circumstances ' in this case, the plaintiffs would be denied a substantial right if we. did not entertain the appeal because no other judgment was rendered of a final nature that they could appeal from and have this judgment reviewed. The denial ■of the acounting is a final judgment insofar as they are concerned because no other final judgment was rendered in the case. Moreover, under the situation here presented, the denial of the accounting may work an irreparable injury because the assets were turned over to the majority stockholders without any accounting having been made.
 

 We reviewed the merits of this rule in .the case of Dowling v. Canal Bank & Trust Co. et al., 216 La. 372, 43 So.2d 763, and pointed out the necessity of an acounting and ordered the bank commissioner to file' a final account. For the reasons set forth therein the rule in this case should be made absolute.
 

 For the reasons assigned, the judgment ■of the lower court is reversed and set aside; the rule is reinstated and made absolute. All costs to be paid by the receivers of the ■Canal Bank & Trust Company in liquidation.
 

 HAMITER, J.; dissents for the written reasons assigned in 216 La. 402, 43 So.2d 763.
 

 McCALEB, J., dissents for reasons given in 216 La. 406, 43 So.2d 763.
 

 HAWTHORNE, J., dissents for reasons given in 216 La. 405, 43 So.2d 763.