McBRIDE, Judge.
Plaintiff sued for a moneyed judgment, on defendant’s note allegedly secured by vendor’s lien and chattel mortgage on an automobile-truck, and caused the truck to be sequestered. On the day following the seizure, defendant bonded the writ and secured the release of the truck from seizure, and on the same day, relying on five grounds of complaint, defendant moved for a dissolution of the writ of sequestration. After a hearing, the motion was denied by the lower court, and from the judgment defendant has appealed devolu-tively and suspensively to this court.
There is before us now the motion of plaintiff-appellee for a dismissal of defendant’s appeal, on the ground that the judgment appealed from is merely interlocutory and does not cause irreparable injury, and that under the laws of this state it is unappealable.
It might be stated here that before the trial of the rule for a dissolution of the writ in the lower court, the defendant filed his answer, alleging inter alia that the writ of sequestration was wrongfully issued, and coupled with the answer is a recon-ventional demand, in which defendant claims a large amount of damages for the alleged wrongful issuance of the writ, among the items of damages being a claim for his counsel’s fee.
Defendant-appellant, in resisting the motion to dismiss the appeal, argues that the judgment of the lower court is final and not, as alleged by plaintiff, interlocutory, in that, under the law Louisiana, a defendant in a writ of sequestration is not entitled to claim as an item of damages the fees of his attorney for having the writ dissolved, unless the writ be dissolved on motion or rule tried separately from the merits; that whereas the lower court ér- *522 roneously denied his motion to dissolve, defendant has been deprived of his right to recover the fee of his attorney, and, therefore, as to his said claim the judgment is in all respects final.
Under C.P. art. 565, one may appeal from all final judgments rendered in causes in which an appeal is given by law, and according to the following article 566, one may likewise appeal from all interlocutory judgments, but only when such judgment may cause him an irreparable injury.
Interlocutory judgments do not decide on the merits of the case, but are pronounced on preliminary matters in the course of the proceedings, while definitive or final judgments are such as decide all points in controversy between the parties, and are such as have the force of res judi-cata. C.P. arts. 538, 539. With rare exceptions, interlocutory decrees are not ap-pealable. Thompson v. Walker, La.App., 37 So.2d 614.
The judgment appealed from is clearly interlocutory, and not final or definitive. We fail to see how it can be said that the judgment inflicts irreparable injury uipon the defendant. As we have already stated, defendant has 'bonded the truck from the effects of the seizure under the provisions of C.P. art. 279, which allows a defendant against whom a sequestration has been obtained, except in the case of failure, to have the writ set aside by executing a bond in favor of the sheriff for whatever amount the judge may determine, as being equal to the value of the property to ,be left in his possession.
The identical grounds urged in the rule for the dissolution of the writ of sequestration are reurged as matters of defense in the answer to the suit. If, after a trial of the merits, judgment is rendered against defendant, he would then have a right of appeal to this court from said judgment, because it would be definitive and would have the effect of adjudging finally all issues raised by the motion to dissolve the writ.
If we should determine the present appeal, we would be passing upon the same matters which might ultimately be presented to us upon an appeal taken from a judgment rendered by the court below after a trial on the merits of the case. This we are not disposed to do, since the law does not favor bringing up cases by piecemeal when a'll such matters can be reviewed on appeal from final judgment. See In re Canal Bank & Trust Co., 216 La. 410, 43 So.2d 777; Succession of Dancie, 187 La. 628, 175 So. 418; In re Bryne, 193 La. 566, 191 So. 729; Industrial Loan & Investment Co. v. Price, La.App., 26 So.2d 229.
In Wolff v. McKinney, 21 La.Ann. 634, in a like situation, the Supreme Court said:
“The plaintiff having caused certain cotton, on which he claimed a privilege, to be sequestered, the defendant, on the tenth November, 1866, made a motion to dissolve the writ. On the sixteenth of the same month he obtained permission to bond the property, and on the twenty-first the bond was given. On the twelfth February, 1867, the motion to dissolve was overruled, and from this interlocutory judgment the defendant has appealed.
“We must decline to enter into the merits of this appeal. The cause, itself, has never been tried, and it may be that the plaintiff will never obtain a final judgment. The law does not favor the bringing up of cases by fragments, and therefore has provided no appeal from interlocutory decisions unless they work irreparable injury. That the order in this cause does not work such injury is well settled. State v. Judge, 2 [Rob., La.,] 395; Wilson v. Churchman, 4 [La.] Ann. 343; Lemoene [Lemoine] v. Garcia, 4 [La.] Ann. 366; Hart v. Phillips, 1 [Rob., La.,] 223; Powell v. Hopson, 12 [La.Ann.] 615.”
We are not concerned at this time with the question whether defendant might or might not be entitled to recover attorney’s fees. A consideration of that matter now would mean that we would have to trench on the merits of defendant’s recon-ventional demand, which an appellate court should not do in considering a motion to dismiss an appeal.
The motion to dismiss this present appeal is not such as the law requires to *523 be filed within the three-day period allowed an appellee for appearance and answer under C.P. art. 886. Succession of Dancie, supra, and cases there cited.
For the above reasons, the appeal is dismissed at appellant’s cost-
Motion granted;
Appeal dismissed.