MOISE, Justice.
The form of this action is a mandamus-proceeding. The Court is considering an. appeal from a judgment of the' Civil District Court for the Parish of Orleans, dismissing relator’s suit. The named defendants in the suit are the mayor and members of the Department of City Civil Service of New Orleans, Louisiana.
The prayer of the petition is for the Court, in its judgment, to issue a rule to show cause:
“Why your relator should not have his status as ‘Captain of Detectives'* recognized by the said Defendants in their Official Capacity,.and as such, he be put on the Roster of the Department *814 of City Civil Service of New Orleans, Louisiana eligible to appointment in the Police Department of the City of New Orleans, Louisiana, to any vacancy which may now exist, or in the- future exist in that grade.”
Relator was a captain of detectives in the Police Department of the City of New Orleans. His position, alone, was abolished in 1946. He was retained on the police force by demotion to the rank of Lieutenant of Detectives, for which position he received the emoluments of the office.
It would serve no useful purpose to trace the events leading up to the filing of this suit, but it is sufficient to show that here we do not have a suit of a discharged employee, and back salary is not a factor in this litigation.
Article 7, section 10, of the Constitution of 1921 grants appellate jurisdiction to this Court when the amount in controversy is over $2,000. Wainer v. Kirn, 223 La. 669, 66 So.2d 587; Lerner Shops of Louisiana, Inc. v. Reeves, 224 La. 33, 68 So.2d 748.
 For constitutional jurisdiction to be sustained, such must be shown by well pleaded allegations. A stipulation by both ■sides in briefs for the purpose of conferring jurisdiction on this Court is not well founded in law because the jurisprudence is well settled that jurisdiction cannot be conferred by consent nor by stipulation of the litigants or counsel. Adger v. Oliver, 222 La. 793, 64 So.2d 6; Castleberry v. Ethridge, 223 La. 466, 65 So.2d 138; Beene v. Pardue, 223 La. 417, 65 So.2d 897; Dupre v. Dupre, 224 La. 104, 68 So.2d 773.
For the reasons assigned and by virtue of the authority vested in this Court by Act No. 19 of. 1912, LSA-R.S. 13:4441:
It is ordered that this appeal be transferred to the Court of Appeals for the Parish of Orleans, provided that the record be filed in that court within thirty (30) days from the date this judgment shall become effective, otherwise, the appeal shall be dismissed. The costs of this court are to be paid by appellant.
FRUGÉ, J., takes no part.