85 So.2d 520

SUCCESSION of Sallie D. (Sarah D.)
WILLIS, Kit Willis,
Administrator

v.

Champ WILLIS et al. (Plaintiffs in Rule).

No. 41845.

Jan. 16, 1956.

Vincent Hazleton, Alexandria, for plaintiff-appellant.

Charles A. Riddle, Jr., Marksville, for appellee.

SIMON, Justice.

On November 19, 1952, Kit Willis was duly appointed and on the same day qualified as the administrator of the Succession of Sallie D. Willis. On December 2, 1952, he filed his final account; and no opposition having been made thereto after its publication, on December 15, 1952, it was duly approved and homologated. No further proceedings were taken by interested parties until September 14, 1953, when on a motion filed by heirs called to said succession a rule nisi was issued ordering the administrator to show cause on September 24, 1953 why he should not file a true statement and account of his administration and why he should not produce his bank book in connection therewith, if he has one, showing the amount of funds collected and deposited by him, and, upon his failure to do so, to show why he should not be dismissed from office and condemned to pay

statutory penalties on the total amount collected and not deposited. On the return date of said rule, the administrator filed an exception of no cause and no right of action. He also petitioned the court to be relieved and discharged of any further trust and responsibility as administrator of this succession and to have his bond cancelled and the surety thereon released.

In his petition to be discharged, the administrator alleged that he had filed a final account which, on December 15, 1952, was duly approved and homologated, and that he had accordingly paid all of the creditors' claims and made proper disbursements to the heirs of the amounts due them respectively, annexing thereto all deposit slips, bank statements and cancelled checks. He further alleged that he had fully completed the administration of said estate, disposed of all effects coming into his hands as administrator, and that, therefore, no further administration was needed.

For reasons unrevealed by the record the exceptions of no right and no cause of action to the rule nisi were argued and submitted on September 24, 1953, and on October 6, 1953, were reargued and resubmitted. It further appears in the minutes of the trial court that on January 12, 1954, for oral reasons assigned, the exception of no cause of action filed to the rule nisi was sustained; but we look in vain for a formal judgment sustaining said exception. It does not appear that any affirmative action was taken by the trial judge to the administrator's petition seeking his discharge.

On January 20, 1954, the heirs of decedent's estate filed a motion seeking the same relief as heretofore sought in their rule nisi. Thereupon, the court ordered the administrator to show cause on February 5, 1954, why he should not submit and file a true statement and account of his administration. The administrator again filed an exception of no right and no cause of action, which exception was overruled.

Upon trial of the rule nisi, on February 16, 1954, judgment was rendered in favor of plaintiffs in rule, ordering and directing the administrator to file a true statement and account of his administration and to produce his bank book, if he has one, showing the amount of funds collected and deposited by him, within ten days from the date of this judgment, or as provided by law. Upon denying the administrator's motion for a new trial, the judgment so rendered was formally signed on March 15, 1954. On the same day the administrator moved for and obtained an order of appeal, which is now before us.

Appellant informs us that the transcript of appeal does not contain the note of evidence adduced at the trial of the rule nisi, which, through a misunderstanding on the part of the court reporter was destroyed by her before the transcription of her notes. It is our understanding that the court reporter was led by counsel for the

administrator to believe that the transcript of said notes would not be needed. It is difficult for us to conceive that any attaché of the court would follow instructions or orders from any person other than the presiding judge of said court. We are further informed that the judge before whom the testimony was adduced has since departed this life. For these reasons appellant requests that the case be remanded for retrial of the rule nisi in order that the testimony may be recorded and presented to us. We do not consider it necessary to determine the merits of appellant's motion to remand, being convinced that appellee's motion to dismiss the appeal is well taken and should be sustained.

■ It is fundamental that all final judgments, disposing of the whole case on its merits, are appealable as a matter of right. This right, however, is regulated by law as to the effect to be given such appeals, whether such judgments have been rendered after hearing or by default. Code of Practice Article 565. The right of an appeal is also granted by law from an interlocutory judgment, but this right of appeal lies only when such a judgment may cause irreparable injury. Code of Practice Article 566.

In the case of Benham, Ziegler & Co. v. Mouledoux, 175 La. 711, 144 So. 428, we dismissed the appeal taken therein from a judgment of the district court ordering the defendant to file a full and detailed accounting, holding that:

"* * * The ascertaining, therefore, of whether an accounting is due, is a preliminary matter, ascertainable before entering the real merits of the case—that is, before undertaking to ascertain what, if anything, is due the one calling for the accounting.

"A judgment, rendered by a trial judge, ordering an accounting, whether signed by him or not, is not a final or definitive judgment, but is an interlocutory one. Junek v. Hezeau, 12 La.Ann. 248; Succession of Carriere, 34 La.Ann. 1056; 1 C.J. pp. 610, 611, §§ 49 and 50. It is not, however, an interlocutory judgment, which may work irreparable injury. The error, if any, in ordering the accounting, is such a one as may be corrected by appeal, after the case is finally disposed of in the trial court. Succession of Carriere, supra.

"The reason why the law does not grant an appeal from such a judgment as the present is because it does not favor the bringing up of cases by fragments. Wolff v. McKinney, 21 La.Ann. 634."

In the case of Three Way Finance Co. v. McDonald, 213 La. 504, 35 So.2d 31, we announced that the rule that an appeal is not allowed from an interlocutory decree unless it is one which may cause irreparable injury is based on the fact that the law does not favor the interrupting of judicial proceedings by appealing from such decrees. Also, see Painten v. Pilie, 198 La. 713, 4 So.2d 804; In re Canal Bank & Trust Co., 216 La. 410, 43 So.2d 777.

In the case at bar, to the end of determining the rights and interests of the alleged heirs of this estate, the court directed and ordered the administrator to file and render a full and accurate account of his administration, with all books and documents identified therewith. It follows without saying that the most solemn duty of an administrator is to render and submit to the heirs at law or other interested parties a thorough, detailed and complete statement of his administration so that the court to which it is submitted may judicially determine the respective rights of all parties concerned. When this has been accomplished, the judgment of the court then becomes final and thus appealable. On the other hand, an order directing and commanding the filing of an account is not a definitive judgment but purely a preliminary or interlocutory one. Manifestly, such an interlocutory decree ordering an administrator who enjoys the status of an officer of the court to perform the duties prescribed by law can certainly work no irreparable injury to him, and no appeal lies therefrom.

Accordingly, for the reasons assigned, this appeal is dismissed and the case is remanded to the district court for such further proceedings not inconsistent with the views herein expressed and as provided for by law.

PONDER, J., absent.

McCALEB, Justice (concurring).

I am in accord with the dismissal of this appeal on the ground that the judgment ordering the accounting is an interlocutory decree which causes no irreparable injury. It is also clear that this court is without appellate jurisdiction as there is no amount in dispute. See Winsberg v. Winsberg, 229 La. 61, 85 So.2d 31.

However, since the order is unappealable, it is proper to dismiss the appeal absolutely on that ground as it would be vain and useless to transfer the case to the Court of Appeal.