86 So.2d 916

**Paul C. WEILBAECHER, Jr.**

v.

**Emery JEE.**

No. 42719.

March 26, 1956.

Milton H. Cohen, New Orleans, for defendant-appellant.

Herman & Herman, A. I. Kleinfeldt, New Orleans, for plaintiff-appellee.

MOISE, Justice.

This is an appeal from an interlocutory judgment.

Plaintiff brought his action predicated on a written contract, wherein, it was agreed that he would receive one-third of the net proceeds of a certain contracting

business conducted by defendant in this city. He prayed for an accounting and for a rule nisi, which would order the defendant to show cause why an expert should not be appointed to audit the books to determine the exact amount due plaintiff. In order to obtain this objective, he asked that the books be sequestered. This rule to sequester was made absolute, and the books were sequestered.

After hearing, the court issued the following order:

"It is ordered, adjudged and decreed that the rule be made absolute to the extent of ordering a Judicial Sequestration of all books, vouchers and records and that same be delivered to the Civil Sheriff for the Parish of Orleans, State of Louisiana, until the further orders of this Court;

"It is further ordered, adjudged and decreed that the defendant be allowed thirty (30) Days to answer."

■ The result of a judicial sequestration is to place the property under the eye of the court, and in the instant case the court properly determined that such books be delivered to the Civil Sheriff for the Parish of Orleans, State of Louisiana, until further orders of the court itself.

There is no impropriety in this motion. In fact, it is the court wisely exercising its discretion in the matter. In order to determine the merits of this cause, the books must be audited and an accounting made. Placing the books in the custody of the Sheriff gives a fair deal and equal opportunity to both parties. A slight discomfort might be caused defendant, but no permanent injury could be inflicted upon him.

See Articles 538 and 539 of the Louisiana Code of Practice.

■ In the cases of In re Byrne, 193 La. 566, 191 So. 729; Reeves v. Barbe, 200 La. 1073, 9 So.2d 426; Three Way Finance Co., Inc., v. McDonald, 213 La. 504, 35 So.2d 31, 32, we held:

"* * * 'The law does not favor the interrupting of judicial proceedings by appealing from interlocutory decrees. Hence comes the rule that an appeal is not allowed from such a decree unless it is one which may cause irreparable injury.' * * *"

In the case of Ludwig v. Calloway, 191 La. 1000, 187 So. 4, 6, the district judge, ex proprio motu, rendered an interlocutory order judicially sequestering certain movable property. Such was appealed to this Court, and we held:

"To have allowed the defendant a suspensive appeal would have defeated one of the purposes of the suit, and by the court maintaining custody and possession of the property, the matter was kept status quo so that neither party would gain advantage over the other."

■ The mandate of the law will be followed by a dismissal of the appeal.

Appeal dismissed, at appellant's cost.