GLADNEY, Judge.
This is an action brought by Farmers Supply Company against Odice Williams for the collection of an account. After denying liability the respondent set forth a demand in reconvention for workmen’s compensation and pleaded compensation as provided by art. 2208 of the LSA-Civil Code to the claim of the plaintiff. Exceptions of no cause or right of action and a plea of prescription of two years as provided in LSA-R.S. 23:1209 were then filed by *546 plaintiff leveled at defendant's demand in reconvention. These exceptions were sustained in rulings rendered on March 6, 1958. Thereupon and prior to a hearing on the main demand counsel for defendant obtained and perfected orders of appeal.
A transcript of the record was lodged in this court on May 5, 1958. Thereafter, October 17, 1958, there was transmitted to the clerk of this court two written instruments for inclusion in the transcript of the case. One of these is a stipulation of counsel waiving any objections or defenses relating to a judgment signed on October 13, 1958, and agreeing that the judgment would have the same effect as though it had been signed on March 6, 1958. The other document is a judgment, signed by the judge a quo, sustaining exceptions of no right of action and plea of prescription filed by defendant (sic), and orders plaintiff's (sic) suit dismissed. The decree recites judgment was rendered in open court on March 6, 1958, and read, signed and filed in open court on the 13th day of October, 1958.
Counsel have prepared and filed thorough briefs pertinent to the rulings of the district judge on the plea of prescription and exceptions of no cause or right of action; however, it is evident from the record we cannot entertain this appeal or now give consideration to those legal problems. Our resolution follows from a finding that the rulings from which appellant seeks to appeal are interlocutory and not final.
The right to appeal is liberally granted but nonetheless is limited by statutory provisions in the Code of Practice. One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing the parties, or by default. Also, an appeal is allowed from all interlocutory judgments, when such judgments may cause irreparable injury.[1] The exceptions or pleas sustained attacked defendant’s demand in reconvention, which is an incidental demand[2] and as such is to be distinguished from a principal demand. The principal demand is that by which the suit is commenced in court and for this reason it is termed an ordinary demand. An incidental demand is that which is made before issue joined, in order to obtain something relating to the principal object of the suit.[3] The principal demand must be brought before the court which has the jurisdiction of the case. The incidental demand must be decided at the same time with the principal and is subject to the same jurisdiction as the suit itself.[4] The demand which the defendant institutes in consequence of that which the plaintiff has brought against him, is termed a demand in reconvention.[5] In all cases of reconvention the defendant may plead it, either as an exception in his answer to the principal demand, or institute a distinct and separate demand before the court in which the main action is pending.[6]
What constitutes a formal judgment is well considered and defined in the case of Bossier’s Heirs v. Hollingsworth & Jackson, 1906, 117 La. 221, 41 So. 553, 555, wherein the appeal record disclosed the trial court had sustained an exception of no cause of action to a part of plaintiff’s demand. After referring to the several articles of the Code of Practice relating to definitive judgments, the court said:
“We therefore usually understand by the term ‘final judgment’ that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders. If this be not so, there may be, in any given case, as many appeals as there are issues presented, and as the law author *547 izes the cumulation of separate actions in the same demand (Code Prac. art. 148), a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts.”
Not infrequently appellate courts, in seeking to determine if an appeal is proper, have construed the term “irreparable injury”. Thus in State ex rel. Pflug v. Judge, 35 La.Ann. 765, the court said:
“The character of the injury caused by an interlocutory judgment, even when it is signed by the Judge, must be tested under the following rule: ‘If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist’ — citing Fields v. Gagne, 33 La.Ann. [339] 340.”
Feitel v. Feitel, 1929, 169 La. 384, 125 So. 280, 281; Rapides Cent. Ry. Co. v. Missouri Pac. R. Co., 1945, 207 La. 870, 22 So.2d 200; Three Way Finance Company, Inc., v. McDonald, 1948, 213 La. 504, 35 So.2d 31, 32; Oliphint v. Oliphint, 1951, 219 La. 781, 54 So.2d 18, 27; Breaux v. Laird, 1956, 230 La. 221, 88 So.2d 33; Harris v. Primos, La.App.1957, 98 So.2d 683.
The law does not favor the bringing up of cases by fragments and, therefore, no appeal may be reviewed by an appellate tribunal from interlocutory decisions, unless they record irreparable injury. Wolff v. McKinney, 21 La.Ann. 634, approved in Succession of Willis v. Willis, 229 La. 293, 85 So.2d 520; Stockstill v. Cotten, 1956, 230 La. 205, 88 So.2d 27. It is recognized, of course, that the mere signing of an interlocutory judgment does not make it appealable. State ex rel. Pflug v. Judge, supra; Benham, Ziegler & Company v. Mouledoux, 1932, 175 La. 711, 144 So. 428.
It is. clear, we think, that appellant in this case cannot suffer irreparable injury from our failure to entertain his appeal. Following a final judgment upon the main or principal demand, either party may appeal to this court which would then have the right to review and affirm or reverse any rulings affecting the appellant’s rights.
The judgment from which the orders of appeal were taken, perhaps, requires recasting. Inadvertently, it sustains exceptions filed on behalf of the defendant and dismisses plaintiff’s suit, whereas manifestly the exceptions were filed on behalf of and decided in favor of the plaintiff. Nor is it necessary to point out that jurisdiction of an appellate court cannot be conferred merely by stipulation of the attorneys of record. Authorities to this effect are legion. Castleberry v. Ethridge, 1953, 223 La. 466, 65 So.2d 138, appeal transferred La.App., 68 So.2d 249; Wainer v. Kirn, 1953, 223 La. 669, 66 So.2d 587; Mariano v. Fidelity & Casualty Company of New York, La.App.1953, 68 So.2d 330; State ex rel. Schwehm v. Morrison, 1954, 224 La. 811, 70 So.2d 881, appeal transferred La.App., 78 So.2d 192; Camus v. Camus, La.App. 1956, 89 So.2d 771.
For these reasons, the appeal herein is dismissed, without prejudice, however, to appellant’s right to have the judgment appealed from reviewed upon appeal from the final judgment to be hereafter rendered in the case, and, if plaintiff should dismiss his demand, then from the judgment of dismissal, it being the intention to reserve appellant’s rights for consideration on appeal, if and when properly brought up from an appealable judgment. The costs of this appeal are assessed against appellant, all other costs to abide a final termination of the case.

. C.P. art. 565.

. C.P. art. 363.

. C.P. art. 153.

. C.P. art. 154.

. C.P. art. 374.

. C.P. art. 368.