ON REPIEARING.
MILLER, Judge pro 'tem.
A rehearing was granted in order that we might reconsider our ruling that the dismissal of the intervention filed by the under-curatrix, Mrs. Estelle Polmer Rabin in the suit brought by the interdict to lift the interdiction was a final judgment which could not be reviewed since appellant did not appeal from that dismissal, the Inter-venor-Appellant having elected to appeal only from the judgment which set aside the interdiction.
The minutes of court filed in the record state that:
“Interdiction of 1 This matter, concerning the Termination of Mervin Joseph Polmer, 1 the Interdiction herein, pursuant to previous Probate No. 3487 J fixing, was this day taken up for trial in the presence of the following:
“(a) Messrs. John F. Pugh, Walter I. Lanier, John Lanier and Leonard Rosenson, Attorneys, representing the interdict, Mervin Joseph Polmer;
“(b) Mr. Irvin F. Polmer, appearing in Proper Person; and
*706 “(c) Mr. Philip P. Spencer, Attorney, representing the Opponent, Mrs. Estelle P. Rabin, who was also present.
“Counsel for Opponent requested to know whether Mr. Mervin J. Polmer was present in Court, and upon being informed that he was not, moved for a continuance, after reference to certain telegrams refering to the service, upon said witness, which he informed the Court he was ready to introduce.
“In reply, counsel for Mervin J. Polmer, filed a written motion, asking the Court to rule that the Under-Curator, Opponent herein, had no legal interest in said matter; and after hearing the arguments of counsel, the Court, considering the jurisprudence in the cases reported in 94 Southern 2nd, at page 152, and in 164 Southern 2nd, at page 597, ruled that the said under-curator, Mrs. Estelle P. Rabin, has no legal interest herein, and ordered that her opposition to the termination of the Interdiction herein be stricken and dismissed.
“Counsel for Opponent then objected to this ruling of the Court, and requested that the Court recognize him as a party at interest, based upon an alleged nonpayment of attorney fees during the course of this Interdiction proceeding. Considering the objections of opposing counsel, and for the reasons orally assigned, the Court ruled that counsel for opponent may assert any claims he might have against the property of the Interdict but that he was not a party at interest under the jurisprudence previously quoted, and that the telegrams previously referred to were inadmissible in evidence.
“Whereupon, the question of the termination of the interdiction was taken up, and after hearing the evidence adduced, including the testimony of Dr. Carl H. Rabin, Gustave Zimmerman, and Leonard Rosenson, the Court, for the reasons orally assigned, rendered judgment herein decreeing that the petitioner, Mervin Joseph Polmer, is capable of taking care of his person and of administering his affairs, and that the Judgment of Interdiction pronounced said petitioner on January 7, 1957, be hereby revoked, removed and terminated, and that the curator, Irvin F. Polmer, be discharged from his trust, upon complying with the requisites of the law.
“The Judgment was thereupon read and signed.”
The dismissal which we referred to as a final judgment in our original opinion, reads as follows:
“INTERDICTION OF STATE OF LOUISIANA MERVIN JOSEPH POLMER 17TH JUDICIAL DISTRICT COURT “No. 3487 PROBATE PARISH OF TERREBONNE
“On motion of SESSIONS, FISHMAN, ROSENSON & SNEL-LINGS and PUGH, LANIER & PUGH, Attorneys for Mover, Mervin Joseph Polmer, and upon suggesting to the Court that there has heretofore been filed a purported Opposition to Termination of the said Interdiction of the said Mervin Joseph Polmer, which said Opposition was filed on behalf of Mrs. Estelle Polmer Rabin, the Under-Curator for the said Mervin Joseph Polmer, and upon further suggesting to the Court that under the provisions of Article 4557 of the [LSA-] Louisiana Code of Civil Procedure *707 the party defendant in said suit is the Curator and that therefore the said Mrs. Estelle Polmer Rabin has no legal interest in said suit.
“IT IS ORDERED that the said Opposition be and it is hereby dismissed.
“Houma, Louisiana, January 30, 1961.
“ (s) J. Louis Watkins “Judge
“SESSIONS, FISHMAN, ROSENSON & SNELLINGS
“By (s) L. H. Rosenson “Leonard H. Rosenson “1333 National Bank of Commerce Bldg. “New Orleans 12, Louisiana
“PUGH, LANIER & PUGH
“By (s) Walter Irving Lanier “Walter Irving Lanier “211 West Fifth Street “Thibodaux, Louisiana
“ATTORNEYS FOR MOVER”
The judgment lifting the interdiction was rendered and signed the same day, but made no mention of the intervention — and it was from this last mentioned judgment that the intervenor appealed.
When the suit to set aside the interdiction was called for trial, counsel for plaintiff, defendant, and intervenor were all present and ready to proceed with the trial. The first portion of the transcript of testimony shows that when the case was called for trial, the attorney for the intervenor stated that he had a telegram from the Veterans Administration stating that the interdict, who had been subpoeaned.by the under-curatrix, was unable to attend the hearing. Counsel for the interdict replied that if counsel for the intervenor would offer the exhibit the court could rule on it. Counsel for the intervenor made a further objection to the proceedings at which time the court orally ruled “that the application of Mrs. Estelle Polomer Rabin is dismissed.” There is no further reference in the transcript of testimony to the filing or signing of the above quoted motion and order, which we originally held to be a final judgment. However, as noted in the minutes of court quoted hereinabove, it is apparent that the hereinabove quoted order was signed at this stage of the proceedings.
To dispose of the problem before us we must apply LSA-C.C.P. Article 2083 which provides:
“JUDGMENTS APPEALABLE
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
In the Comments reported in the Code of Civil Procedure which discuss this Article, reference is made to the difficulty of determining which judgments are final and which interlocutory. Furthermore, refer *708 ence is made in the comments to the difficulty of deciding what is and what is not irreparable injury. We recognize the desirability of upholding the general concept that there is no appeal except in the case of final judgments in order to prevent piecemeal appeals. Three Way Finance Co. v. McDonald, 213 La. 504, 35 So.2d 31; In re Canal Bank and Trust Co., 216 La. 410, 43 So.2d 777.
 Although the “order”, which we held to be a final judgment dismissing the intervention, was a final determination of the under-curatrix’ right to appear in the proceedings which had been filed by the interdict to set aside the interdiction, the dismissal did not finally determine the merits of the case. Here the subject matter of both the original demand and the •intervention were identical. The original demand sought to set aside the interdiction while the intervention sought to prevent the setting aside of the interdiction. Therefore, the order dismissing the intervention was an interlocutory judgment rather than a final judgment.
We must next consider the question of whether or not this interlocutory order may have caused “irreparable injury.” In the case of Feitel v. Feitel, 169 La. 384, 125 So. 280, the Supreme Court provided the following test:
“The character of the injury caused by an interlocutory judgment, even when it is signed by the Judge, must be tested under the following plain rule: ‘If the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and therefore the right to appeal does not exist’ ” — citing State ex rel. Pflug v. Judge, 35 La.Ann. 765, and Fields v. Gagne, 33 La.Ann. 339, 340.
Applying this test to the instant case, we find that there has been no irreparable injury to the under-curatrix. The dismissal of her intervention did prevent her participation in the trial of the case on the merits. However, since she was a proper party to the suit filed by the interdict to set aside his interdiction, and since the trial court refused to permit her to participate in the trial on the merits, her rights have been protected by the devolutive appeal taken from the judgment setting aside the interdiction. We can and do hereby restore the parties to the identical position which they respectively occupied before the rendering of the interlocutory decree.
For these reasons, the judgment of the trial court setting aside the interdiction is set aside and the case remanded for the taking of evidence which may be offered by the under-curatrix, the curator, and the interdict.
Decree set aside and remanded.