BLANCHE, Judge
(dissenting).
Suit was originally filed by Mrs. Doris R. Nereaux, individually, for the medical expenses incurred by her as a result of an assault and battery committed by the defendant on her minor daughter Doris Dae Smart. In her capacity as natural tutrix of her minor daughter, Suit was also brought on behalf of the minor for her personal injuries. After suit was filed Doris Dae Smart Kern became of age and evidently married and was made a party plaintiff to these proceedings. The majority affirmed the judgment of the trial court granting unto the plaintiff Doris Dae Smart Kern the sum of $800 for her personal injuries but dismissed the appeal of plaintiff Doris R. Nereaux, on our own motion, for the reason:
“As to the appeal by Mrs. Doris R. Nereaux, we can find no where in the record of this proceedings any judgment in favor .of or against Mrs. Nereaux for the medical expenses paid by her. Since we can find no judgment in this record which has been rendered or signed either in favor of or against Mrs. Nereaux, we do not feel that there is any judgment present which she can appeal from. Therefore, for this reason, her appeal as to the failure of the Trial Court to award her medical expenses must be dismissed.”
I concur with the majority opinion affirming the judgment of the trial court as to Doris Dae Smart Kern but disagree that the appeal of Mrs. Nereaux should have been dismissed, and from that part of our judgment, I dissent.
The petition was filed by Mrs. Nereaux on September 17, 1959, and trial was commenced on January 30, 1962. On that same date an order was signed by the court making Doris Dae Smart Kern a party plaintiff. The trial was continued to March 1, 1962, and then again continued to March *822 28, 1963, when the taking of testimony was completed. The testimony was filed over a year later on May 25, 1964. The plaintiff filed his brief on March 29, 1968, and without benefit of a brief from defendant, judgment was rendered on October 17, 1968. Considering the protracted length of time from the date of trial ■ to judgment, it is not difficult to understand how it happened that Mrs. Nereaux was left out of the judgment.
It is also noted that Mrs. Nereaux was not the only one left out of the judgment. The expert witness fee of Dr. Rhodes J. Spedale was likewise not mentioned, and the majority opinion stated in this regard:
“As to the failure of the Trial Judge to fix the expert witness fees, we feel that this was an oversight on his part, and considering the length of testimony of the doctor, we therefore fix and tax as cost the fee of the medical expert in the amount of $50.00.”
The Court is in error when it states that there is no judgment in the record from which she could appeal. The judgment which Mrs. Nereaux is appealing from is the judgment of the court which failed to make an award to her for damages which she prayed for in her petition and which she proved on trial.[1] Mrs. Nereaux was properly before the trial court, and a review of the record demonstrates that she is entitled to recover the medical expenses which she incurred on account of her daughter. It is obvious that her demand' for medical expenses was inadvertently omitted from the judgment just as was the fixing of the expert witness fee for the doctor. This writer cannot believe that the trial judge meant only to render judgment for one plaintiff and not the other for related damages arising out of a single tortious act committed by the only defendant in the case.
However, we need not indulge ourselves in any assumptions favorable to appellant Nereaux. If she was a proper party plaintiff and her demands were properly presented to the trial court and the judgment of the court failed to make disposition of the same, such failure to award a judgment in her favor is in effect a dismissal of her demand against the defendant. In this event the plaintiff has an appealable interest in the judgment of the trial court due to the failure to dispose of her demand in a judgment that was final. Code of Civil Procedure Article 1841 defines interlocutory and final judgments and states:
“A judgment that determines the merits in whole or in part is a final judgment.”
Article 2083 provides that an appeal may be taken from a final judgment and the general concept that there is no appeal except in the case of a final judgment is universal in order to prevent piecemeal appeals. Three Way Finance Co. v. McDonald, 213 La. 504, 35 So.2d 31 (1948); In re Canal Bank & Trust Co., 216 La. 410, 43 So.2d 777 (1949).
To illustrate how the majority judgment could result in a piecemeal appeal, consider the following: Assume for the sake of argument that after dismissing her appeal Mrs. Nereaux had the legal right to present some pleading to the district court praying for judgment in her favor, and further assuming the trial judge grants her that relief, Mrs. Nereaux will again be put to the trouble of appealing on the same record to this court if the defendant does not acquiesce in the judgment. It has taken her over ten and a half years to get this far, and we could and should have disposed of her appeal.
For the above and foregoing reasons, I respectfully dissent.
Rehearing denied.
Blanche, J., dissents from the refusal to grant a rehearing.

. The statement of Dr. Rhodes J. Spedale for professional services rendered to Mrs. Doris Smart Kern in the sum of $175 was filed in the record as Exhibit P-1 and was stipulated to by counsel on page 180 of the transcript.