LANDRY, Judge.
Defendant-appellee, Holloway Planting Company, Inc. (Appellee), has moved to dismiss the appeals of plaintiff-appellant, Jerry K. Nicholson d/b/a Nicholson Planting & Mfg. Co., from two interlocutory judgments rendered by the lower court in the process of trying Appellant’s action against Appellee for damages for alleged impairment of Appellant’s servitude of drain over Appellee’s adjoining estate, and for an injunction to prevent Appellee’s further interference with Appellant’s servitude. The lower court dismissed Appellant’s action on Appellee’s plea of res judi-cata and Appellant has also appealed this determination. We dismiss the appeals from the two interlocutory judgments, but recognize Appellant’s right to review of the interlocutory judgments incidental to Appellant’s appeal from the final judgment dismissing Appellant’s action on Appellee’s plea of res judicata.
In an earlier dispute between the identical parties at bar, present plaintiff instituted suit against defendant herein seeking an injunction to prevent defendant from obstructing the drainage from plaintiff’s plantation onto defendant’s estate. Plaintiff’s servitude of drain was recognized by the Supreme Court which tribunal affirmed denial of the injunctive relief sought by plaintiff. See Nicholson v. Holloway Planting Company, Inc., 255 La. 1, 229 So.2d 679.
In this action, Appellant seeks recovery of losses allegedly resulting from Appel-lee’s interference with Appellant’s servitude of drain over Appellee’s property and a permanent injunction barring Appellee’s obstruction or interference with the servitude in any way. In the trial court, Appel-lee excepted to Appellant’s petition as being vague in that it failed to allege precisely when and where the alleged blockage or interference occurred. Appellee also excepted to various interrogatories propounded by Appellant as well as to Appellant’s requests for admissions of fact and the genuineness of documents, and for orders to produce documents. In addition, Appellee filed an exception of res judicata to Appellant’s demand for an injunction restraining Appellee from obstructing the natural drainage as conditions existed at the time of the previous action involving this same matter. By judgments dated August 24, 1971, the trial court sustained all three of Appellee’s exceptions and dismissed Appellant’s suit. Appellant subsequently applied to this court for writs to review the judgments sustaining Appellee’s exception of vagueness and exception to Appellant’s interrogatories and requests for admissions of fact and orders to produce documents. We denied writs to review these judgments on the ground they were interlocutory orders and Appellant, having failed to make a showing of irreparable injury, possessed an adequate remedy by appeal. Appellant timely appealed all three judgments.
Appellee’s motion to dismiss Appellant’s appeal from the judgments sustaining the exception of vagueness and the exception to Appellant’s interrogatories and requests for admissions and production of documents is properly predicated on the ground that appeals from interlocutory judgments are not authorized by law unless irreparable injury will otherwise result. In Re Canal Bank and Trust Co., 216 La. 410, 43 So.2d 777.
It is well settled, however, that although an interlocutory judgment may not itself be appealable, nevertheless it is subject to review by an appellate court when a judgment is rendered in the case which is appealable.
A judgment that does not determine the merits of a controversy but only preliminary matters in the course of an action *178 is an interlocutory judgment. LSA-C.C.P. art. 1841.
No citation of authority is needed in support of the proposition that judgments sustaining exceptions of vagueness and exceptions to orders for interrogatories, admission of facts and production of documents during the course of a trial are interlocutory judgments.
In People of the Living God v. Chantilly Corporation et al., 251 La. 943, 207 So.2d 752, the Supreme Court was confronted with the issue of whether an interlocutory judgment sustaining an exception of improper cumulation was reviewable on an appeal taken from a subsequent judgment which dismissed plaintiff’s suit without prejudice. In holding such an interlocutory judgment reviewable under the circumstances, the Supreme Court stated:
“The general rule undoubtedly is, as stated from time to time by this court, that an interlocutory judgment which does not cause irreparable injury is not appealable. (See also Article 2083 of the Code of Civil Procedure.) But this does not mean that such judgments are never subject to appellate review. It merely means that they are not independently and immediately appealable and that appellate review thereof must await rendition of an appealable judgment in the case. There are innumerable sorts of interlocutory judgments which, as such, are not independently appealable — i. e., overruling of pleas of prescription, of non-joinder of parties, of lis pendens, of exceptions of no cause and no right of action, etc. Nevertheless, when a judgment is rendered in the case which is appealable, the reviewing court can then consider the correctness of the prior interlocutory judgment.”
We also note Succession of Williams, 153 La. 206, 95 So. 607, which is squarely in point. In Succession of Williams, above, the Supreme Court held that an appeal from a judgment dismissing a rule pursuant to a plea of res judicata, carried with it appeals from all prior interlocutory judgments rendered in the proceeding.
It is clear beyond doubt that Appellee’s motions to dismiss the appeals from the interlocutory judgments relating to Appel-lee’s exception of vagueness and exception to Appellant’s order for interrogatories and requests for admissions and orders to produce documents are all well taken and must be sustained. In Re Canal Bank and Trust Co., 216 La. 410, 43 So.2d 777; Bryant v. X-L Finance Co., La.App., 166 So.2d 377.
Appellant having timely appealed the appealable judgment dismissing Appellant’s demand upon Appellee’s exception of res ■ judicata, it is equally certain that this court may review on said appeal the propriety of the trial court’s interlocutory judgments of which Appellant complains.
It is ordered, adjudged and decreed that the appeals taken herein from the judgment of the trial court sustaining Appellee’s exception of vagueness and exception to Appellant’s request for interrogatories, admissions and orders to produce documents are dismissed at Appellant’s cost.
Two of Appellant’s three appeals dismissed.