420 So.2d 1323 (1982)
FIREMEN'S PENSION AND RELIEF FUND FOR the CITY OF LAKE CHARLES, Plaintiff-Appellee,
v.
William E. BOYER, Mayor of the City of Lake Charles, and City of Lake Charles, Defendants-Appellants.
No. 82-202.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1324 Peter A. Ciambotti, Lake Charles, for defendants-appellants.
Cox & Cox, James J. Cox, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOMENGEAUX, Judge.
Plaintiff, the Firemen's Pension and Relief Fund for the City of Lake Charles, brought suit against the defendants, Mayor William E. Boyer, Chairman of the Fund, and the City of Lake Charles, seeking a declaratory judgment directing the City to grant service credits to five Captains of the Lake Charles Fire Department for time in which they had been temporarily discharged from their jobs. The defendants filed a dilatory exception of vagueness which was denied by the trial judge. All pertinent facts were stipulated to by the parties in the action. It was also stipulated that Mayor Paul Savoie, the successor to Mayor Boyer as Chairman of the Fund, be substituted as a party defendant in the action. From a judgment rendered as prayed for in favor of the plaintiff, the defendants have appealed.
The facts established in the trial court are as follows: Captains Leland Johnson, Gerald Kibodeaux, Hulin Landry, John Fontenot, and Louis Champagne were discharged from the Lake Charles Fire Department due to a reduction of the force on August 15, 1956, and were re-employed by the Department on January 15, 1957. The men were re-employed in the same jobs they had held prior to their dismissal. When they were re-employed, they were given a credit pursuant to the provisions of the Firemen's Pension and Relief Fund Statute (Act No. 186 of the Acts of Louisiana, 1944) for service rendered from the time of their initial employment until the point of their dismissal due to reduction of the force. However, they were not given a credit for that period of time in which they had been laid off from their jobs.
On August 24, 1977, the Board of Directors of the Firemen's Pension and Relief Fund for the City of Lake Charles voted to grant credit to the five Captains for the period of their layoff, provided that they pay all contributions into the Fund that they otherwise would have been required to pay had they not been laid off from their jobs. However, Mayor Boyer subsequently refused to grant the credit and to appropriate the funds for the pension benefits. It was this decision that caused the Board of Directors to file this declaratory judgment action against the municipality.
Appellants contend that the trial court erred in overruling the City of Lake Charles' exception of vagueness to the plaintiff's petition. This judgment was an interlocutory one since it did not determine the merits of the controversy, but only dealt with preliminary matters in the course of the action. See La.C.C.P. Art. 1841.
It is well settled in our jurisprudence that although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when a judgment which is appealable is rendered in the case. See Nicholson *1325 v. Holloway Planning Co., 262 So.2d 176 (La.App. 1st Cir.1972). We have reviewed the petition of the plaintiff and the dilatory exception filed by the City of Lake Charles, and find no error in the trial judge's decision. Therefore, we affirm his dismissal of the dilatory exception of vagueness.
The appellants next contend that the trial court erred in holding that a party who is laid off for less than four years from the Lake Charles Fire Department is entitled to a service credit toward pension benefits which accrued during such period of discharge. They claim that Section 15 a of Act 186 of 1944, when read in pari materia with other portions of the Act and with applicable provisions in the Civil Service statute,[1] require such credits only for periods of time in which persons were actually performing "services" for the Fire Department. They submit that this section allows fund participants to claim credits only for that time which accrued prior to their dismissal, and not for the period of layoff when they were not actually working for the Fire Department.
Section 15 a of Act 186 provides:
"Section 15. a. If any member of the said Fire Department should be discharged from the service for reasons of economy or reduction in force due to no fault of said member, and later should be reemployed by the said Fire Department, his rights to the privileges and benefits of this Act shall continue as from the date of original employment without any loss to rights and privileges due to such period of absence from services; provided, however, that such period of absence from service does not exceed four years; in the event the period of absence exceeds said period of four years, all rights and privileges under this act shall terminate."
We do not agree with appellants' position. Contrary to their contention, we feel that Section 15 a of Act 186 was designed to constitute an exception to the general rule that actual service is necessary for pension benefits to accrue. The provisions of Section 15 a are clearly limited to the specific criteria delineated therein, and are designed to provide a remedy for those situations in which a person's absence from his job cannot be attributed to his own personal fault, but results from the economic and policy decisions of those persons in positions of authority.
Article 13 of the Civil Code provides:
"When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit."
See also La.R.S. 1:4.
It is our considered opinion that Section 15 a of Act 186 of 1944 is clear and unambiguous in providing that any member of the Lake Charles Fire Department who is temporarily discharged from his/her job for reasons of economy or reduction in force due to no fault of that member for a period of time not exceeding four years is entitled to the privileges and benefits of the Act as from the date of original employment. This conclusion must follow from the plain meaning of the statute, since any contrary interpretation would force the "... without any loss to rights and privileges due to such period of absence from services ..." provision to be read out of the statute.
Because we feel that Section 15 a of Act 186 is subject to only one reasonable interpretation, we find it unnecessary to consider the legislative intent of the redactors. Only when a statute is ambiguous and subject to two reasonable interpretations can the legislative intent be considered. Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir.1979).
It is evident that the Board of Directors of the Firemen's Pension and Relief *1326 Fund had statutory authority to grant service credit to the five Captains, and that the Board could require the men to contribute that portion which they would otherwise have had to pay had they not been laid off. Section 7(1) of the Act clearly grants such authority:
"The Board of Directors shall have control and management of said Firemen's Pension and Relief Fund and shall make rules and regulations for the proper administration of said Funds not in conflict with the provisions of this Act, shall hear and decide all applications for benefits under this Act; and its decisions on such applications shall not be subject to review or reversal except by said Board itself, or upon appeal of the courts."
Furthermore, Section 18 of the Act gives the Board the power to determine periods of service:
"The methods of computing the periods of service and seniority under this Act shall be determined by the Board of Directors and rules shall be passed by it relative thereto."
Because the Board of Directors had statutory authority to order the City of Lake Charles to grant service credits to the five firemen in this case, Mayor Boyer erred in refusing to grant the credits. The trial judge was correct in decreeing that the firemen were entitled to those benefits accruing during the period of their discharge.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs at trial and on appeal are assessed against the defendants.
AFFIRMED.
NOTES
[1] Art. 14, Sect. 15.1 of the Louisiana Constitution of 1921, carried forward in Art. 10, Sect. 18 of the Louisiana Constitution of 1974.